Good morning, Your Honors, and may it please the Court, I'm Tillman Breckinridge on behalf of the appellant, Andrew Halldorson. In this case, we have the threshold issue of a company trying to enforce an employment separation agreement against a person who was not its Wilmington Trust is attempting to broaden the word affiliate by relying on extrinsic sources such as different cases that apply the term affiliate to different contracts and different release provisions instead of focusing on the words within the four corners of the agreement. When we focus on those words within the four corners, the meaning of the word affiliate becomes clear because we have a two-tiered separation agreement release whereas one tier, that first part, talks about triple canopy, the employer, parents, subsidiaries, affiliates. It's talking about businesses, ongoing business concerns. Then there's a second tier that gets at smaller things, non-companies, employees, directors, things like that. The plan is not part of either tier and so therefore the plan's trust, the plan's trustee is not protected by the agreement in any way, shape or form. Once we get beyond the issue of the separation agreement, we also have the district court's error in not applying Rule 23 when Mr. Halldorson made a motion for class certification. There the district court declared a new era in which the court doesn't have to go to Rule 23 if the court deems a class certification inefficient. That contravened the Supreme Court's decision in Shady Grove and to the extent that there is a new era arising out of the new rules of civil procedure, I just wanted to make sure to note that those new rules of civil procedure did not amend Rule 23 in any way to suggest that efficiency applies any more so than in the 23B3 provision for superiority. Efficiency is not mentioned in 23A. It is not mentioned in 23B1. It is not mentioned in 23B2. And so for the court to not actually go through the process of resolving, applying Rule 23 to the facts of the case was error. So therefore the court should, at the very least, remand this case to the district court to determine under Rule 23 whether class certification is appropriate. I think the court should go further though. The court should go ahead and direct that the district court certify the class based on the fact that we have established in the record that Rule 23A and Rule 23B1 and Rule 23B2 are met. And Wilmington Trust has not provided any arguments to suggest that they are not. There is no dispute that numerosity is met. There is no dispute that 23B1... Let me ask you a question please. Was there a separate lawsuit by somebody who didn't sign the waiver in front of the judge Brinkman? It's not a separate lawsuit, Your Honor. It's essentially the same lawsuit, but yes, there is another... Did he win? He did win, yes, Your Honor. If that stands, I'm just asking, will your client get all the benefits he would be entitled to under this action? He would get all the benefits that he is entitled to under this action. However, to the extent that the question suggests that there might be a mootness issue here, the issue is not moot. The issue of... Well, I should say all the direct benefits, but the benefits of class certification are still there. And also, Wilmington Trust has asserted a right to... In their brief, they asserted a right to go after Mr. Halderson for attorney's fees. So the issue is definitely not moot. I didn't ask if it was moot. I said, but he will get all of his benefits he's seeking through his ERISA plan from the... You think he will from what Brinkman decided, if that stands? In other words, do I have it right? I'm just trying to figure this out. If Brinkman's decision for the other gentleman, I can't remember his name right now. If that stands, then the amount of money that is due to the plan based on forward action will be paid back into the plan, and then you think it would then be distributed to all the people under the plans, such as this client? Yes, Judge Shedd. The money would have to be distributed to all the beneficiaries and participants in the plan. Should we, I'm just asking the question, should we wait to see what happens on the other case before we go forward on this and make any rulings here until we see how that stands? No, Your Honor, because I don't think the They related about 30 million worth, aren't they? Well, yeah, on the merits, both the cases are essentially the same for all intents and purposes, but these aren't merits issues that we're addressing here, and so Mr. Halderson still has to deal with the issues of whether or not the separation agreement applies to him, and the issue of whether or not, well let me rephrase that, whether the separation agreement applies to him in this instance, and whether or not But why would that matter? I'm just asking, why would that matter? Well, first of all, it matters to the extent that Women in Trust is asserting a right to attorney's fees, so there's that issue right at the outset, and second, it matters to the extent that class certification and being allowed to utilize class certification could ultimately affect, who knows, maybe even settlement of the action But wait a minute, but I thought you already have all of the remedies you would get, didn't the other plaintiff win everything he was justified to under your claims in this lawsuit? According to the district court, yes, there is some disagreement over whether or not the damages was an accurate figure, and we haven't decided yet whether or not we're going to appeal that issue or anything like that But my guess is maybe likely if they appeal, then you'll cross appeal and say not only are you entitled to the $30 million, but you're entitled to $100 million That would certainly be a consideration, Your Honor All right, thank you You're counsel in both cases? I'm sorry? You are counsel in both cases? Yes, we are, Your Honor, so it's the same trial lawyer, the trial lawyer who handled this for Halderson also handled it for Halderson Has an appeal been noted in that case? It was just decided a couple of weeks ago, so the time to appeal has not run yet I thought I'd just seen a recent 28-J letter was why I asked that question I wasn't sure that's why I asked you, but I thought I had Yes, Your Honor, and so Wilmington Trust filed a 28-J letter letting the court know of the decision, which we don't think should affect the issues here, but at the same time it makes sense for the court to be aware of it Leave aside the class action certification, which I think has different problems, but I'm not sure how you can say that that case doesn't involve this one, so maybe you better spin that out for me Okay, well, I'm not saying that that case doesn't involve this one, I'm just saying that it doesn't affect the discrete issues raised on this appeal Okay, leave aside the class certification issue, what issue doesn't it affect? It doesn't affect whether or not the release applies to Mr. Halderson Or rather, whether or not the release applies to Mr. Halderson's assertion of his claims here, because of course it does for other unrelated claims that were never brought, but for the claims that were asserted here, the release does not apply And the Brundage decision has no effect on that In response to my colleague's questions, that that issue would be decided in the other case, it has been decided by Judge Brinkema, and would be decided on appeal and cross appeal No, the merits were, I'm sorry if I misspoke to Judge's question No, I probably misunderstood But the merits were decided in the Brundage case, but the Brundage case did not involve the release because Mr. Brundage was not subject to the release So the release is purely an issue for Mr. Halderson But the release doesn't matter to this case's claim for benefits Right For benefits, because I thought you said, and I think it's right, it seems to me right that your client in this case will benefit the same amount of money from the other side of this case as he would here He's not going to get any more money if he's right on the release, is he? Leave attorney's fees aside, he's not going to get any more ERISA money Right, that's right your honor So to the extent that there might be any confusion, the merits of the issue, this appeal is separate from the whole merits of whether or not the Wilmington Trust breached ERISA or anything like that This is really just about the release But if Wilmington Trust didn't breach ERISA, it doesn't matter what the release says, does it? Well, your honor, so long as there's a colorable claim that Wilmington Trust breached ERISA we don't think that it matters what the release said for two reasons First of all, because it doesn't apply to Wilmington Trust And second, because this is a claim for vested benefits So if there were no colorable claim, then yes, the release wouldn't be at issue because he wouldn't have filed a suit But since he did file a suit, Wilmington Trust is asserting that it's free from Mr. Halderson's ability to have brought a suit against it And is also asserting that they, or at least implying in their brief that they will go after Mr. Halderson for attorney's fees if the court affirms the district court's decision to apply the release to Mr. Halderson when the release by its terms does not apply to the claims Mr. Halderson asserted here And so the reason that the release doesn't apply to the claims Mr. Halderson asserted here well the primary reason is that you have this release provision that has these two tiers and then it, Wilmington Trust is asserting that the plan is an affiliate and within the rubric of that, they then say that since trustees of affiliates are released then since they were a trustee of the plan, they are released The problem is that the plan is not an affiliate as the term is described within the four corners of the contract because the plan is not a separate business entity I'm still puzzled a little bit about, it's an odd situation but I'm trying to figure out why would we decide on whether or not the release is valid when the first question on the release is whether or not he should have a right to go after an extra arrest of funds and under the way the litigation stands, the other half of this, he's going to get funds Well your honor, you would need to decide that first of all because it is a predicate to the class certification issue But you have No wait, I'm not getting there yet, I'm talking about as to him Right, but I'm saying that your honor, the reason the release is particularly important here is because No it's not, not to him, it's not important at all I thought you just told me, maybe this is not right, but I'm asking you I started by asking, I thought I did Here's the point, why do we need to look at the release as to this individualized plaintiff if in fact, under the decision Judge Brinkham has just recently made he will get the same benefits whether or not he signed a release Because ultimately the question isn't just whether he will get the same benefits but whether he's an appropriate plaintiff in this case and he still has that I don't know Isn't it true the release could be completely valid and he still can get money from the case that was just decided Yes your honor, but he can't be a plaintiff if the release is completely valid as to these claims But he doesn't need to be a plaintiff if he's going to get the same money Does he care about being a plaintiff or getting the money he deserves Well he cares about being a plaintiff in so far as he wants to assert the class right which is his place to do and he cares about being a plaintiff in so far as he has been a plaintiff he was the only plaintiff at the beginning of this suit So is this really right now then the question about you wanting this to be a class action Is that the real issue right now? That's the biggest issue your honor, but there is also the issue of the fees and the fact that the Wilmington Trust is asserting that it has a right to fees and so if the district court erred we need to correct that to make sure that the Wilmington Trust cannot assert a right to fees against Mr. Halderson But as to that, and then I'll stop asking questions for a second But as to the certification, if Judge Brinkman's order in the second half of this case stands won't that money go into the ERISA and everybody who would be in the class they'll get the same benefits right? Yes your honor Except they won't pay attorney's fees for the class, that won't come out of the pot? Well no your honor, I'm talking about the fact that Wilmington Trust is asserting that Mr. Halderson has to pay them attorney's fees No, no, no, no, I'm not, I'm talking about, I'm trying to understand If Judge, I'm just working through this with you right now But if Judge Brinkman's order stands in this case, of an award of 30 million dollars as I understand it Why is there any need to take up class certification? Oh well the class certification issue and the need to take up class certification goes to, admittedly it's a little less of an issue now that Judge Brinkman Yeah because you've won, the class has won Yes, you're right your honor, that is true But at the same time, this still could go up on appeal and so Mr. Halderson was the only person who asserted class right in this case Mr. Brundle did not, presumably based on the fact that Judge Brinkman had already ruled against Mr. Halderson on that issue I know but what do you need, but you don't need class certification, I'm just asking Do you need class certification for every member of the class to benefit from the 30 million dollars? Or will that go into the ERISA accounts and everybody who would be in the class is already going to get the money by way of her other order? In the specifics of this case, assuming the district court order is completely affirmed Which I don't think is an assumption we can always make Then it would not make a difference in that circumstance However, first of all, in the abstract, class certification can have an effect on what people get out of the pot Because if there is rival litigation, class certification can help resolve that As opposed to getting two conflicting orders And so that's one of the ways in which we think that class certification actually does make it more efficient to work within the system And ultimately, I don't know that whether or not it is efficient is relevant Given the fact that that's not a Rule 23A, B1, or B2 factor Or even whether or not class certification is helpful or useful in any way Because the way to figure out if it's helpful or useful in any way is to go through those Rule 23 factors And if they apply, then there is a non-rebuttable presumption under shady growth I know, but this is an ERISA case So if she's right on the other side, that money gets paid back into the ERISA accounts Or gets put into the ERISA accounts Why do you need class certification to protect any litigant's right to recover When you already have that mechanism in place, which is the ERISA plan? Well, it helps protect against the possibility of different participants in the plan bringing separate suits that could Won't that be determined by the ERISA rules and not by class certification rules? No, I don't think ERISA tells us anything about how to handle that If two different courts issue different orders on the same ERISA claim by different participants It has nothing to do with different orders It has to do with if 30 million dollars If the ERISA plan has been shorted 30 million dollars And that money is paid back in Doesn't ERISA have some way to figure that out? Who gets what under the ERISA plan? Well, yes, your honor I see I'm out of time May I respond to your question, though, a little bit? Yes, you may The key is, though, not necessarily that in this case there is a 30 million dollar judgment But take the possibility that there was another case out there where a district court ruled that there was no violation of ERISA And then you're faced with two orders One says there's no violation of ERISA The other says that there's a 30 million dollar judgment against the Wilmington Trust The class certification function can help resolve that So does the law own judgments and finalize it? Yes, your honor I'm sorry I see I'm out of time May I just go ahead and say one more? I'm through, sorry Roger Chief Judge, I was just trying to figure out where we stand Judge Moss, it seemed to me that events have changed since we got the brief papers in this case Well, since a lot, if not all, of the questions have come in terms of whether or not we need to be here or not You can talk a little bit about the merits of why you think we should be on terms of the waiver I'll give you about a couple of minutes on that Okay, the merits of what, your honor? You can go ahead and proceed on You didn't cover the merits of what you, I think Because if you're finished, you can Okay, yes, your honor I mean, just very briefly Okay You know, I think that in the end, this case really comes down to There are two live issues here of whether or not there is, whether or not the release applies and whether or not there's class certification And I think that the canons of construction that we assert, that utilize the words within the four corners of the agreement Are the only way to really review what affiliate means as opposed to relying on extrinsic evidence of other cases But even to the extent that that does happen, I think that Rothstein is the case that the court should rely on Because it provides a blueprint for utilizing, if the court is going to utilize extrinsic sources Utilizing extrinsic sources to realize that an ERISA plan is not an affiliate of a sponsoring company And unless there are any further questions, I'll just Did you ever file a 23F motion? We did not, your honor Well then, do we have jurisdiction over the class action? Yes, your honor, because 23F is not the exclusive way to appeal a class certification decision And in this case What is the alternative? I read the rules I'm sorry Well, in this case, the denial of class certification was pretty much contemporaneous with the dismissal Not pretty much, it was contemporaneous with the dismissal of Mr. Holderson But Mr. Brundle was still separate and apart So it wasn't a final judgment? It was a partial final judgment under Rule 54B, your honor Well, the summary judgment against your client was for sure But I don't know about the class certification decision Well, your honor, I It seems to me it would still be interlocutory Your honor, I would disagree, first of all Do you have some law on that? Not off the top of my head, your honor I would think that it ultimately comes down to the fact that Mr. Holderson was dismissed from the case And so he can assert I mean, his whole claim was resolved So he can assert any judgment, any order that happened before that, that applied to him And on top of that, Mr. Brundle never made a motion for class certification And so it was only an issue that Mr. Holderson had raised It sounds like another reason to wait to see what happens with Mr. Brundle I'm sorry, your honor? It sounds like another reason to wait to see what happens with Mr. Brundle I would respectfully disagree, your honor, since Mr. Brundle didn't assert class certification Okay, thank you Thank you All right, thank you, counsel Mr. McElligott Good morning, your honors I'm James McElligott, representing Wilmington Trust And my co-counsel is Sarah Belger, counsel for the jury Your honor, I want to start by looking at the document that I think resolves all the issues that the court has been discussing Why should we even talk about that at this point? You heard the questions, certainly, that I asked If the other case, I know you have appeal rights and all that But if the other case stands, or if it gets settled along the way Why do we even need to decide this issue? I would just caution you I'd just caution you on your answer Because you may get a ruling you don't like if you insist on going forward But why would we even need to address the question of whether or not this is a valid waiver Unless you plan somehow to assert a claim against certain members in the ERISA plan I don't understand why we should go forward Well, your honor, again I respectfully disagree with the statement my opposing friend made Mr. Halderson has a claim to any of the judgment that may arise from the Brundle case Because the release that Mr. Halderson signed specifically addresses that issue And again, if the court would look at the pertinent sections of the release in the appendix Pages 46 and 47 And I'll just deal with the point that specifically addresses the court point Mr. Brundle agrees that he will give up in section 4, the last paragraph Should any third party bring any action or claim against the company On the employee's behalf, the employee acknowledges and agrees that the agreement provides him with full relief And he or she will not accept any additional relief So what happens to the money then? It sits in the ERISA plan? Are you going to ask for some kind of offset? Your honor, these are hypothetical questions I know it, that's why I want you to answer them I understand, your honor The plan administrator, Wilmington is not the plan administrator, Wilmington is the director trustee The plan administrator will have to address those issues And decide whether individuals who have signed releases can participate in that claim So that, I want to be sure Your view is that this release issue has to be decided Because you present to the court a plausible claim That notwithstanding the recovery of $30 million for whatever the amount ends up being For the plan, you think there is a very plausible argument That this plan participant would be entitled to zero of that $30 million That is a distinct possibility, your honor But I do agree with the court that class action A Rule 23 class action is unnecessary My only point is, it is not clear at all That Mr. Halderson would participate in that claim Well, if you should win, it's pretty clear he won't participate, right? Then the release doesn't matter I believe so, although again Well, if we prevail on the release issue before this court No, I'm talking about the other case If you prevail, if you get it overturned on appeal, what effect does it have on this case? It certainly does not bind Mr. Halderson Well But it would be addressed We believe the release precludes Mr. Halderson from recovering And from suing Wilmington Trust Because he has given up that right In the other case, tell me what has happened I'm sorry, your honor Tell me what has happened in the district court in the other case In the district court, on March 13th Brinkman entered judgment on behalf of the plaintiff And provided for an award to the plan On behalf of the plan as a whole In the amount of over $29 million Okay, if that opinion, if that decision is reversed on appeal Is there any way that Mr. Halderson can prevail here? I believe no Well then, that's what I was asking you Oh, I'm sorry So why don't we wait to see what happens in that case? Well, that's certainly possible Although again, I think the court can address the release issue right now Which is what Judge Brinkman decided Well, you could do either one, I suppose, first But it seems like we're putting the cart before the horse If there's nothing to release Your honor, I'm simply here Servant of the court Yes So I don't, if it's the court's view that it would assist in Postponing its decision or waiting until a greater decision Unless you're making a representation that you're not going to appeal Oh no, not at all And your honor, we filed a 28-J I understand what you filed, but have you noted an appeal? To alert this, no, no And the time for appeal is not yet run And are you counseled there in that case as well? We are, your honor I bet you have a pretty good idea of what's going to happen The court is very insightful What's going to happen about whether you note an appeal or not? I think we can confidently anticipate an appeal in this case, your honor But is it, I just want to be sure I understand I thought you gave maybe mixed responses to Judge Mott Right Are you suggesting that Mr. Halverson I'm sorry, he will or will not be included In the amount found in the second half of the case I thought you said at one point That it doesn't cover him The agreement that he signed No, not because of the release Because he's not in that case In the absence of release, if there's no release He would benefit as would any other participant In that, with respect to that recovery So long as he was a participant with respect to the ESOP And he was And he did have, and he does have A vested benefit In that, presently A vested benefit of over $20,000 Right now That he's not giving up That he's going to get The question is, does he get anything over and above the $20,000 No, we understand that And now at least Tentatively there is an over and above There is an over and above of $30,000,000 Absent the release He's entitled to that I agree completely, your honor But the release Is only That what you read, he wouldn't be entitled to that Would be in front of that provision you read about Any other claim brought, you're not entitled to that But that's not in front of us right now Absolutely, it was not in front of Judge Brinkman either So that's a whole other issue So why should we decide any of this right now Well, the I suppose We're here I'm not being smart with that I'm just wondering, why should we decide any of this Your honor, I don't think In many ways it has to be decided today There is that issue That is out there And there are other individuals who have also signed releases So it is not an issue Unique to Mr. Halderson The main question before us Is Is Mr. Halderson capable of bringing this lawsuit Which is, we think Judge Brinkman decided Correctly In accordance with the release And if I could just say very briefly Your honor, we're not arguing extrinsic evidence at all We haven't argued a bit of extrinsic evidence Our point is, when you look at these two pages of the release At the Joint appendix 46 and 47 It's very clear in the very first sentence That all ERISA claims I'm sorry, that all claims arising from Mr. Halderson's employment Are being released All of them Yeah, but some of them are exclusions No, no, no, no question your honor Exclusions from the release I understand, and that's an important part of our argument Judge Motz, because There are essentially two arguments plaintiffs are making First they're saying that the plan The ESOP was not an affiliate Our point is that When you're getting a release of all employment claims You have to look at that At that language when you determine what an affiliate is This is not decided in the abstract It's decided as a matter of common sense So if you're releasing The benefit, all ERISA claims You would naturally be releasing the benefit plans And your honor, the exclusion The carve out that you referred to Strengthens our point Because if there's no release of an ERISA plan You don't need the carve out So the clear relationship That the plan has With the company Who sponsors the plan, who administers the plan Shows that they're an affiliate And the notion of releasing all claims Shows that you have to be contemplating release of all plans And that's why the carve out is important Because the carve out says You're entitled to your Accrued and vested benefits Accrued and vested benefits under any pension or savings plan Now accrued and vested benefits Is defined in ERISA In 29 U.S.C. 1002 23 B And that's defined as the balance Of Mr. Halverson's account So the release says You can't sue us for any employment related claims You can't sue us, you can't sue our subsidiaries You can't sue our parents and you can't sue our affiliates But And you can't sue us for any claims under ERISA But we're not trying to take away benefits That are already in your account You're entitled to that So the $20,000 that Mr. Halverson has Because of the ESOP And we would say because of the good work of Wilmington Trust In approving the purchase and then the sale The $20,000 that Mr. Halverson has He didn't give up And no one is trying to take that away from him At all But he is releasing his right to sue Under ERISA Why? Because his employer didn't want this big ERISA suit In part because As the plan document shows The employer has to provide the defense Of the lawsuit So it's an expense to the employer And the case law on that That addresses comparable situations Is all on our side, Your Honor The Seventh Circuit Had a very thoughtful discussion of the issue Judge Pallmeyer in the District Court said Oh affiliates are clearly A plan is clearly an affiliate In the context of giving an ERISA release The Seventh Circuit affirmed that And specifically addressed the carve out issue The court, the Seventh Circuit said Let me ask you a question about that Under your view I'm going to simplify this a great deal If say the CPA or whoever The accounting firm or whoever is responsible For the distribution of benefits To individual accounts at the end of the fiscal period What if there was A hundred, listen to my hypothetical A hundred million dollars and the accounting firm Just sort of cooked the books And moved that numbers somewhere else So that it was money in the plan that should have gone There's a hundred million dollars that should have been distributed It was not distributed because of that absolute Just juggling the books there And on the date of the normal distribution Say it's January the 1st And then this release was signed on January the 15th And the money The company didn't realize their mistake And didn't put the distribution back in Like it should have been until February the 1st And under that hypothetical An employee's account number on January the 1st Was $10,000 but it's completely clear That it should have been $50,000 And on February the 1st it would have been $50,000 Under your view Under your view of this release Is that extra money that was just by mistake Or error or crime was not added To his account as it should have been Is that an accrued benefit or not? I don't think mistake, benefit or crime Would be that situation The issue here What's the answer to the question? I think Mr. Halderson would still have a claim For the proper amount of money That should have been in there But for that mistake That's his claim right now No it's not The courts have dealt with that This is a prohibited transaction claim And in fact your honor If that was the correct interpretation If Under Virginia law This contract, this release is governed by Virginia law Agreements have to be interpreted with common sense in mind If that was the claim That oh you should have put more in Because of a prohibited transaction breach Or breach of fiduciary duty Then everyone in the company could have been sued For this The officers and directors who were fiduciaries could have been sued And there would have been no effective release Of ERISA claims at all Well it could have been No it may have been Maybe that the agreement isn't drafted To achieve what you want it to achieve That's at least a possibility I don't think so your honor When you look at the agreement And you have to look at the four corners of the agreement And specifically the specific purpose To release all ERISA claims The 7th circuit deals with that specific argument The Stargill case deals with that specific argument And they properly and reasonably say That if in fact you can have a release of all ERISA claims And this court has said that Then this Let me ask you, let me just ask this question Wouldn't this agreement be more precise If it said to accrue invested benefits As those terms are defined in ERISA Wouldn't that make that point clear And ERISA defines that as the balance No, no, no, my question is If the agreement, the release said To accrue Invested benefits As that term is defined under ERISA Wouldn't that make this clear And leave less room for doubt What accrued invested means No, no your honor, let me tell you why Of course it would, I mean you can say it's still clear But of course that would have made it clearer wouldn't it It would be a home run for you, you would think Your honor, the purpose of this Is to release all ERISA claims So ERISA is already in the picture on this Again, I don't, I think What interested me, and I still don't understand your answer And I'm sorry if I'm so slow But in response to Judge Shedd's hypothetical to you About the malfeasance and the in the wrong account What is your answer Would you still claim that this No, no, no, your honor What is your answer No, no, no, what is the answer No, I think he is entitled to the amount that was properly in his claim Not withstanding an error by the accountant I thought you said he would be entitled to that Yes Mistake He would be entitled to get the appropriate amount in his account No matter what the release says And the release says he's given up All his claims under ERISA Except for the vested, accrued and vested As I understood Judge Shedd's hypothetical And I'll ask him to help me along here Those weren't in his vested And whatever the other word is Accounts because of Accrued accounts because of some sort of fraud or malfeasance So they would not be under this What I understand to be your interpretation Of this exclusion Is that right Judge Shedd Yes, I'm having a little trouble hearing My point was and I ask I set up an example whereby malfeasance or error or mistake Caused the amount, the actual amount in the account To not be right But his answer was that mistake, malfeasance Crime or whatever should have to be counted And it would be counted and added to the account And I said That's what his claim is in this case No, your honor, I don't think that's a fair statement Because you were talking about an error by an accountant Is the way you phrased your question I would just make it an error by an officer An officer went down there and erased the number and moved it It wasn't the person who did it, it was the fact that it was done And then corrected After the distribution After the date he left I thought you indicated that money would Properly go back and count as accrued As of the date I set Because I don't think an accountant Has the authority to move a decimal point Okay, let's talk about an officer The 7th Circuit Court of Appeals addressed this very argument Okay, just tell us your answer So you say no, it wouldn't be in it? Not if it's based on a claim for violation of ERISA Against one of the release parties, your honor Because if If you read it otherwise There is no release of ERISA claims My time has expired If you read it in that fashion That accrued invested benefits Include claims for prohibited transactions A breach of fiduciary duties There is no limit on this release Then even though the release says We're releasing all ERISA claims The employer can be sued All fiduciaries can be sued Officers and directors can be sued And as the 7th Circuit said That's a completely illogical Unrealistic, non-common sense Interpretation of this document So if we were to rule Contrary to you Your position is Your position is This release is not valid On anybody you've ever had sign it So they'll know your position is Your release is no good as to them Your honor, I'm simply saying what the 7th Circuit says We're interested in your position Believe me, we'll read the 7th Circuit I think if the court decides that It would completely defeat the express And clear purpose of this document That is our position, your honor I don't have anything further Thank you Thank you, your honor Breckenridge, you have time reserved Thank you, your honor We don't have much time Counselor, can you hone in on that last point That this would run afoul Of all sense of Virginia's law Common law application for interpretation contracts Well, first of all Virginia's law is to use the canons of construction To construe words in contracts Before finding ambiguity and going to extrinsic sources And we've addressed those canons of construction as they apply here The Wilmington Trust has not suggested Given anything to go against those canons of construction And to the extent that the Wilmington Trust is claiming That it would just completely destroy the ERISA provision Or the ERISA part of the release That's just not true If this court rules that this is a claim For vested benefits Which as Judge Shedd's example establishes It is and Wilmington Trust doesn't disagree Then the release would still be effective For instance, in this case We asserted a claim for For disgorgement of fees That would still be covered Also injunctive relief would be covered Because that's not a claim for accrued or vested benefits So there would still be coverage It just wouldn't be of the prohibited transactions claim Which I will concede in this case is the biggest claim But in a hypothetical other case where there was some malfeasance But ultimately it didn't cost the plan any money And someone was just going for disgorgement Then that case would be completely eliminated under the release But this claim, this prohibited transactions claim As Judge Shedd's example established Is a claim for vested benefits And that's also established under Enry Mutual Funds litigation And one more thing I'd like to correct From what my friend on the other side said By the way, let me say this I didn't suggest they were vested benefits I suggested they were accrued benefits I don't think that makes any difference Vested would be once you have them in your account And you're entitled to them But they have not yet been put in your account It doesn't make a difference, but I want to clarify And so to the extent that they've admitted That that's a claim for accrued benefits Then I think that issue is resolved Now I did want to quickly address the issue Of whether or not the court should wait for Brundle And I don't think that it should here As we heard from Wilmington Trust, if they lose on appeal Then they will assert that Halderson is not entitled To his share of the judgment So I think that establishes that there's no reason to wait for Brundle And if they win on appeal And the judgment is overturned, which I don't think should happen of course But in the off chance that that were to happen They assert that they will go after Halderson for fees So I think that it's an issue That the release is an issue that needs to be resolved One way or the other, regardless of Brundle Unless there are any further questions, I will submit. Thank you. Thank you so much, counsel We'll come down and the Green Council will proceed to our last meeting for today Some of us will come down Oh yeah, well, a high five to the screen Is always an error
judges: Roger L. Gregory, Diana Gribbon Motz, Dennis W. Shedd